Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 1660 | **DATE** | 11/3/2004 |
| **CASE TITLE** | James Leo Edwards (A-70905) vs. Briley | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  For the reasons stated in the attached memorandum opinion, petitioner's motion for reconsideration is denied. Enter Memorandum Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | NOV 0 4 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | 25 |
| | Copy to judge/magistrate judge. | | | |
| MW6 | courtroom deputy's initials | 2004 NOV -4 AM 3:15 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA, ex rel. )
JAMES LEO EDWARDS, )
)
          Petitioner, )
) Consolidated Case Nos.
v. ) 02 C 1659 and 02 C 1660
)
KENNETH R. BRILEY, )
)
          Defendant. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Petitioner James Edwards' ("Petitioner") motion for reconsideration. For the reasons stated below, we deny Petitioner's motion for reconsideration.

## BACKGROUND

Petitioner initially filed two separate petitions for writ of *habeas corpus* in the United States District Court for the Northern District of Illinois. *U.S. ex rel. Edwards v. Briley*, (N.D. Ill. 2002)(No. 02 C 1659); *U.S. ex rel. Edwards v. Briley*, (N.D. Ill. 2002)(No. 02 C 1660). On March 30, 2004, in a memorandum opinion, we

1

denied Petitioner's petitions for writ of *habeas corpus*. *U.S. ex rel. Edwards v. Briley*, 2004 WL 723837 (N.D. Ill. 2004).

## LEGAL STANDARD

Rule 59(e) permits parties to file, within ten days of the entry of a judgment, a motion to alter or amend the judgment. Fed. R. Civ. P. 59(e). Rule 59(e) motions do not give a party the opportunity to rehash old arguments or to present new arguments "that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir.1996)(citing *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir.1995)). Rather, a Rule 59(e) motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence" in order to be successful. *LB Credit Corp.*, 49 F.3d at 1267 (quoting *Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir.1986)). The decision of whether to grant or deny a Rule 59(e) motion "is entrusted to the sound judgment of the district court...."*In re Prince*, 85 F.3d 314, 324 (7th Cir.1996).

## DISCUSSION

This court denied Petitioner's petitions for writ of *habeas corpus* on March 30, 2004. Although Petitioner's motion for reconsideration was not filed until April

14, 2004, by operation of the "mailbox rule", we treat the motion as filed on April 12, 2004, the date when Petitioner delivered it to the proper prison authorities for mailing. *See Edwards v. U.S.*, 266 F.3d 756, 758 (7th Cir. 2001)(holding that the "mailbox rule applies to motions filed pursuant to Rule 59(e)."). Accordingly, for purposes of our review, Petitioner's motion for reconsideration will be considered timely and construed under the standard set forth in Fed. R. Civ. P. 59(e).

In his motion for reconsideration, Petitioner has simply revisited each of his *habeas* claims and attempted to reargue the merits of those claims. Petitioner has failed to present any "newly discovered evidence" in support of his motion, nor has Petitioner established that a "manifest error of law" occurred. *LB Credit Corp.*, 49 F.3d at 1267. Additionally, we note that although Petitioner has attempted to rephrase and add certain *habeas* claim arguments within his motion for reconsideration, those arguments "should have been presented to the district court prior to the judgment." *Moro*, 91 F.3d at 876(citing *LB Credit Corp.*, 49 F.3d at 1267). Inasmuch as Petitioner's motion presents no newly discovered evidence and merely reargues the *habeas* claims that we have already reviewed, we find that Petitioner's motion for reconsideration is without merit. Therefore, Petitioner's motion for reconsideration is denied.

## CONCLUSION

Based on the foregoing, we deny Petitioner's motion for reconsideration.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: November 3, 2004